IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GENUINE ENABLING TECHNOLOGY
LLC,

               Plaintiff,

   v.

NINTENDO CO., LTD. and
NINTENDO OF AMERICA INC.,

               Defendants.

C.A. No.: 1:17-cv-00134-MSG-CJB

JURY TRIAL DEMANDED

**ANSWERING BRIEF IN OPPOSITION TO NINTENDO CO., LTD.'S MOTION AND
NINTENDO OF AMERICA INC.'S ALTERNATIVE MOTION TO TRANSFER VENUE
TO THE WESTERN DISTRICT OF WASHINGTON
PURSUANT TO 28 U.S.C. § 1404**

Dated: June 13, 2017

Peter D. Shapiro
Christopher M. Gerson
Giancarlo L. Scaccia
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
pshapiro@fchs.com
cgerson@fchs.com
gscaccia@fchs.com

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Tel: (302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

III.    SUMMARY OF THE ARGUMENT ................................................................. 2

IV.     STATEMENT OF FACTS ................................................................................. 3

V.      ARGUMENT ..................................................................................................... 5

        A.  Legal Standards ........................................................................................ 5

        B.  Transfer Should Be Denied ...................................................................... 7

            1.      Genuine Enabling Chose Delaware as its Forum [Private Factor 1] ...........7

            2.      Nintendo is an International Company [Private Factor 2] .........................8

            3.      Infringement Occurs Nationwide, and in Delaware [Private Factor
                    3] ................................................................................................................8

            4.      The Location of Documents and Witnesses Does Not Warrant Moving the
                    Case to Washington [Private Factors 4-6] ................................................ 9

            5.      Transfer to Washington Would Result in Duplicative Parallel
                    Litigation in Two Courts [Public Interest Factor 2]...................................11

            6.      The Remaining Public Interest Factors Weigh Against Transfer or
                    are Neutral.................................................................................................11

VI.     CONCLUSION................................................................................................ 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*,
    138 F. Supp. 2d 565 (D. Del. 2001)............................................................................ 2, 8

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp. 2d 192 (D. Del. 1998)................................................................................... 7

*Agincourt Gaming LLC v. Zynga*,
    C.A. No. 11-720-RGA, 2013 WL 3936508 (D. Del. July 29, 2013)................................ 7

*AIP Acquisition LLC v. iBasis, Inc.*,
    C.A. No. 12-616 GMS, 2012 WL 5199118 (D. Del. Oct. 19, 2012)................................ 9

*Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.*,
    133 F. Supp. 2d 354 (D. Del. 2001)............................................................................... 11

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
    C.A. No. 09-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010)................................... 6

*Cellectis S.A. v. Precision Biosciences, Inc.*,
    858 F. Supp. 2d 376 (D. Del. 2012)................................................................................. 8

*CNH Am. LLC v. Kinzenbaw*,
    C.A. No. 08-945(GMS), 2009 WL 3737653 (D. Del. Nov. 9, 2009) ........................... 2, 7

*Graphics Props. Holdings Inc. v. Asus Computer Int'l, Inc.*,
    964 F. Supp. 2d 320 (D. Del. 2013)............................................................................... 12

*Illumina, Inc. v. Complete Genomics, Inc.*,
    C.A. No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010) .......................................... 6

*In re Volkswagen of Am., Inc.*,
    566 F.3d 1349 (Fed. Cir. 2009)...................................................................................... 11

*Intellectual Ventures 1 LLC v. Checkpoint Software Techs., Ltd.*,
    797 F. Supp. 2d 472 (D. Del. 2011)........................................................................ 5, 6, 12

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995).................................................................................... passim

*L'Athene, Inc. v. EarthSpring LLC*,
    570 F. Supp. 2d 588 (D. Del. 2008)............................................................................. 3, 7

*Pragmatus AV, LLC v. Yahoo! Inc.*,
    C.A. No. 11-902-LPS-CJB, 2012 WL 4889438 (D. Del. Oct. 15, 2012) ......................... 7

*Praxair, Inc. v. ATMI, Inc.*,
    C.A. No. 03-1158-SLR, 2004 WL 883395 (D. Del. Apr. 20, 2004) ................................. 3

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970)................................................................................. 2, 5, 7, 13

*Smith Int'l, Inc. v. Baker Hughes Inc.*,
    C.A. No. 16-56-SLR/SRF, 2016 WL 6122927 (D. Del. Oct. 19, 2016)................... 6, 7, 9

*Textron Innovations, Inc. v. The Taro Co.*,
    C.A. No. 05-486 GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005)............................. 12

*Tradimpex Egypt Co. v. Biomune Co.*,
    777 F. Supp. 2d 802 (D. Del. 2011)..................................................................... 11, 12

*Vanda Pharm. Inc. v. Inventia Healthcare Pvt. Ltd.*,
    C.A. No. 15-362-GMS at 4 (D. Del. Sept. 15, 2015) ..................................................... 11

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
    201 F. Supp. 2d 294 (D. Del. 2002).................................................................................. 6

**Statutory Authorities**

35 U.S.C. § 271(a).................................................................................................................... 10

## I.      INTRODUCTION

To succeed on their motion to transfer this action to the Western District of Washington, Nintendo of America Inc. ("NOA") and its parent, Nintendo Co., Ltd. ("NCL") (collectively, "Nintendo" or "Defendants") must show that the *Jumara/Shutte* factors "strongly favor" transfer. But Nintendo's Opening Brief offers no such justification, and consideration of the *Jumara* transfer factors confirms that this case should stay in Delaware.  First, Plaintiff Genuine Enabling Technology LLC ("Genuine Enabling") chose Delaware, its home state, as the forum state. Second, Genuine Enabling is wholly owned by the inventor on the patent-in-suit, who conceived of and reduced to practice his invention from his home, which is less than 30 miles away from the Delaware Court (the closest court to where the inventor resides), but is thousands of miles from the Western District of Washington.  Third, Nintendo "operates on an international scale" and is therefore capable of litigating anywhere, including Delaware.  Fourth, Nintendo has previously availed itself of this forum by litigating patent infringement disputes in Delaware. Fifth, acts of infringement occur throughout the country, including in Delaware.  And sixth, Genuine Enabling has filed a similar patent infringement action against Sony, which is pending and proceeding in Delaware.  Accordingly, the Court should deny Nintendo's motion to transfer.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Genuine Enabling Technology LLC ("Genuine Enabling") is the patent holder in this action.  Genuine Enabling has charged Nintendo of America Inc. ("NOA") and its parent Japanese corporation, Nintendo Co., Ltd. ("NCL"), with infringing U.S. Patent No. 6,219,730 ("the patent-in-suit").  Genuine Enabling filed its complaint on February 8, 2017.

Genuine Enabling contemporaneously filed an action asserting the same patent-in-suit against Sony Interactive Entertainment America LLC and its parent Japanese corporation, Sony

Corporation (collectively, "Sony"), also in the United States District Court for the District of Delaware.  Sony answered Genuine Enabling's complaint on May 22, 2017 and a proposed scheduling order is due to be filed in that case on June 22, 2017.  (*See* 5/23/2017 Oral Order in *Genuine Enabling Technology LLC v. Sony Corporation et al.*, C.A. No. 17-00135 (D. Del.)) (the "Sony Action").

## III.   SUMMARY OF THE ARGUMENT

This case should remain in Delaware for a number of independent reasons:

1.   First, an accused infringer who challenges the patentee's choice of forum faces a heavy burden, and "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted) (emphasis added); *see also CNH Am. LLC v. Kinzenbaw*, C.A. No. 08-945(GMS), 2009 WL 3737653, at *2 (D. Del. Nov. 9, 2009); *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001).  Nintendo has not overcome this heavy burden.  Moreover, Genuine Enabling is a Delaware entity that has chosen its home state as the forum for this litigation and this choice is entitled significant weight.

2.   Second, Genuine Enabling is wholly owned by Nghi Nguyen, the inventor on the patent-in-suit, who lives less than 30 miles away from the Delaware Court, but thousands of miles from Seattle.  Mr. Nguyen conceived of his invention and built a prototype while living in Downingtown, Pennsylvania, a short drive from Wilmington, Delaware.  Notably, the District of Delaware is the closest Federal Court to Mr. Nguyen's home and Genuine Enabling's place of business.

3.   Third, Nintendo "operates on an international scale" and is therefore capable of litigating anywhere.  Unless the defendant "is truly regional in character," meaning it operates

essentially exclusively in a region that does not include Delaware, transfer is almost always inappropriate. *See Praxair, Inc. v. ATMI, Inc.*, C.A. No. 03-1158-SLR, 2004 WL 883395, at *1 (D. Del. Apr. 20, 2004). Where transfer is sought by a defendant having operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008) (internal quotation marks omitted). Nintendo offers no such justification. That NOA is registered to do business in Delaware further confirms that litigating here would not be unduly burdensome.

4.     Fourth, Nintendo has previously availed itself of this forum by litigating patent infringement disputes in Delaware.

5.     Fifth, acts of infringement occur throughout the country and therefore have an impact on Delaware. The accused products are regularly sold in retail stores in Delaware and, upon information and belief, through Nintendo's website.

6.     Sixth, Genuine Enabling has accused another defendant, Sony, of infringing the same patent-in-suit. Sony has not moved to transfer, but instead filed an answer, indicating its decision to defend in Delaware. Transfer of the Nintendo case to Washington would unduly multiply expense, unduly complicate the litigation, and create unwarranted possibilities of inconsistent outcomes in the two forums.

## IV.     STATEMENT OF FACTS

Genuine Enabling is incorporated in Delaware with its principal place of business in Downingtown, Pennsylvania, which is less than 30 miles away from Wilmington. NCL is a Japanese Corporation and its subsidiary, NOA, is incorporated in Washington.

On February 8, 2017, Genuine Enabling filed its Complaint in this action against NOA

and NCL.  The patent-in-suit relates to the transmission of multiple different types of data streams across a communication link.  Mr. Nguyen devised a novel way to synchronize and encode this data and believes NOA and NCL's video game products, such as Wii controllers, use his patented idea.

The parties agreed to a 90-day extension for NOA and NCL to respond to the Complaint in exchange for NOA accepting service on both Defendants, with service effective as of February 8, 2017.  (D.I. 9.)  On May 22, 2017, counsel for NOA and NCL informed Genuine Enabling about Nintendo's intent to seek transfer to the Western District of Washington.  The parties met and conferred throughout the week of May 29, 2017.  As part of the meet-and-confer process, Genuine Enabling requested venue-related discovery from NOA, but NOA refused to provide anything in response.  (Scaccia Decl., Ex. 1.)

Genuine Enabling Technology LLC, is a Delaware entity.  (Nguyen Decl.[1] at ¶ 3.) Genuine Enabling is owned by Nghi Nguyen, the inventor of the patent-in-suit.  (*Id.* at ¶¶ 2, 4.) Mr. Nguyen lives in Downingtown, Pennsylvania, which is located less than 30 miles from the Wilmington Courthouse.  (*Id.* at ¶ 1.)  Mr. Nguyen is the sole inventor on the patent-in-suit and the sole owner of Genuine Enabling.  (*Id.* at ¶¶ 2, 4.)  He conceived of the invention while living in Downingtown, Pennsylvania.  (*Id.* at ¶¶ 5, 7.)  He also built a prototype of the invention while living there and his commercialization efforts took place at his home and, for a brief period, in his home country of Vietnam.  (*Id.* at ¶¶ 6, 9.)  Mr. Nguyen still has documents relating to the conception, reduction to practice, and commercialization of the invention, and the prosecution of the patent-in-suit.  (*Id.* at ¶ 8.)  Mr. Nguyen still lives in Downingtown, Pennsylvania.  (*Id.* at ¶

---

[1] For the Court's convenience, the same declarations of Nghi Nho Nguyen ("Nguyen Decl.") and Giancarlo L. Scaccia ("Scaccia Decl.") are submitted in support of both the instant opposition and Plaintiff's opposition to NOA's motion to dismiss or transfer pursuant to § 1406(a).

1.)  While Mr. Nguyen can quite easily travel to Delaware from his home (*id.* at ¶ 10), traveling to Seattle would be very financially burdensome for Mr. Nguyen.  (*Id.* at ¶¶ 10, 11.)

NCL and NOA (collectively, "Nintendo") sell a variety of video game products throughout the country and the world, including in Delaware.  (D.I. 1 at ¶¶ 4, 7, 10-12.)   NOA markets and sells the accused products on its website, which is accessible every day, to every Internet-enabled device in Delaware.  (*See* Scaccia Decl., Ex. 8.)  NOA also advertises its accused products on the Internet and on television, including throughout the state of Delaware. The accused products are on the shelves of Delaware stores, available for sale every day.  (*See* Scaccia Decl., Ex. 9-11.)  NOA is registered to do business in Delaware and has designated an agent to accept service in Delaware.  (*See* Scaccia Decl., Ex. 7.)  And NOA has availed itself of Delaware's courts in earlier proceedings, litigating patent-infringement disputes in Delaware. (*See* Scaccia Decl., Ex. 2-6.)

## V.   ARGUMENT

### A.  Legal Standards

A plaintiff's choice of forum is a "paramount consideration" in any transfer request. *Shutte*, 431 F.2d at 25.  This choice "should not be lightly disturbed."  *Intellectual Ventures 1 LLC v. Checkpoint Software Techs., Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del. 2011) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).  The movant bears the burden of demonstrating that "the balance of the interests *strongly* weighs" in favor of transferring to another forum.  *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002) (emphasis added).  "[T]ransfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Angiodynamics, Inc.* v. *Vascular Solutions, Inc.*, C.A. No. 09-554-JJF, 2010 WL 3037478, at *2 (D. Del. July 30, 2010) (internal citations omitted); *see*

*also Illumina, Inc. v. Complete Genomics, Inc.*, C.A No. 10-649, 2010 WL 4818083, at *2 (D. Del. Nov. 9, 2010).   Moreover, unless a defendant "is truly regional in character – that is, it operates essentially exclusively in a region that does not include Delaware – transfer is almost always inappropriate." *Intellectual Ventures 1 LLC*, 797 F. Supp. 2d at 477 (internal citations omitted).

"While there is no definitive formula or list of the factors to consider . . . , courts have considered many variants of the private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879.   The central question under this inquiry "is not which venue is most convenient for a defendant but, rather, is the plaintiff's choice of venue so inconvenient to defendant that the interests of justice call out for a transfer." *Smith Int'l, Inc. v. Baker Hughes Inc.*, C.A. No. 16-56-SLR/SRF, 2016 WL 6122927, at *2 (D. Del. Oct. 19, 2016).

Under controlling Third Circuit law, the Court should consider established private and public interest factors in evaluating a motion to transfer.   "The private interests have included: [1] plaintiffs forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879 (internal citations omitted). "The public interests have included: [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies

at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases." *Id*. at 879-80 (internal citations omitted).

### B. Transfer Should Be Denied

#### 1. Genuine Enabling Chose Delaware as its Forum [Private Interest Factor 1]

Plaintiff Genuine Enabling chose Delaware as its forum for the present dispute. Under Third Circuit law, considerable deference is given to the plaintiff's choice of forum under such circumstances. *Agincourt Gaming LLC v. Zynga*, C.A. No. 11-720-RGA, 2013 WL 3936508, at *2 (D. Del. July 29, 2013); *L'Athene, Inc.*, 570 F. Supp. 2d at 594-95 (plaintiff's choice of forum is entitled to "paramount consideration").

This factor weighs strongly against transfer where, as here, a plaintiff has made the rational decision to bring a case *in its state of incorporation. See Praxair, Inc.*, 2004 WL 883395, at *2 ("as a matter of law" a party's "situs of incorporation" is its "home turf"); *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 4889438, at *4 (D. Del. Oct. 15, 2012), *adopted by* 2013 WL 174499 (D. Del. Jan. 16, 2013); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 200 (D. Del. 1998).

An accused infringer challenging the patentee's choice of forum faces a heavy burden and "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (internal quotation marks omitted) (emphasis in original); *see also CNH Am. LLC*, 2009 WL 3737653 at *2; *ADE Corp.*, 138 F. Supp. 2d at 567-68. Here, Nintendo cannot meet its heavy burden to demonstrate that the balance of convenience factors (*Jumara* factors) supports transfer.

### 2.   Nintendo is an International Company [Private Interest Factor 2]

Nintendo "operates on an international scale" and is therefore capable of litigating anywhere.  This Court has recognized that unless a defendant "is truly regional in character," meaning it operates essentially exclusively in a region that does not include Delaware, transfer is almost always *inappropriate*.  *See Praxair, Inc.*, 2004 WL 883395, at *1.  Plus, where transfer is sought by a defendant having operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *L'Athene, Inc.*, 570 F. Supp. 2d at 592 (internal quotation marks omitted). Moreover, Nintendo has availed itself of this forum in earlier proceedings by litigating patent infringement disputes in Delaware.  (*See* Scaccia Decl., Ex. 2-6.)   And, it is registered to do business here.  (Scaccia Decl., Ex. 7.)  Because Nintendo has previously consented to litigation in Delaware and has not shown how litigating in Delaware would pose a unique or unusual burden, this factor weighs against transferring the case.

### 3.   Infringement Occurs Nationwide, including in Delaware [Private Interest Factor 3]

The accused Nintendo products are sold throughout the country, including in Delaware. (D.I. 1 at ¶¶ 4, 7, 10-12.)   As discussed above, the accused products are offered for sale in Delaware both through Nintendo's website and at retail stores throughout Delaware.  (*See* Scaccia Decl., Ex. 8-11.)  Despite this, Nintendo argues that the cases should be transferred to Washington because their accused systems were developed in that state and in Japan.  (Op. Br. at 4, 8-9.)  But "as a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority." *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 381 (D. Del. 2012) (quoting 35 U.S.C. § 271(a)).  "Accordingly, when the defendant in a patent

infringement action operates on a national or global level, this factor [of the location of the alleged tort] is generally neutral." *AIP Acquisition LLC v. iBasis, Inc.*, C.A. No. 12-616 GMS, 2012 WL 5199118, at *3 (D. Del. Oct. 19, 2012).

### 4. The Location of Documents and Witnesses Does Not Warrant Moving the Case to Washington [Private Interest Factors 4-6]

The fact that Nintendo might maintain relevant documents, books, and records in Washington, a point highly touted by Nintendo, should carry little weight.  (Op. Br. at 13.)  First, as described above, documents relevant to the conception, reduction to practice, prosecution, and attempts to commercialize the invention are in Mr. Nguyen's possession and Mr. Nguyen lives less than 30 miles from Wilmington, but thousands of miles from Seattle.  (Nguyen Decl. at ¶ 11.)  But regardless, it is well known that technological advancements have significantly reduced the weight accorded to this factor (*Smith Int'l, Inc.* 2016 WL 6122927, at *2 n.4 (refusing to transfer venue, in part, because discovery is a "local event" that "is almost universally accomplished electronically, and depositions generally are taken where it is most convenient for the deponents.")), and although a court should not completely ignore the location of relevant books and records (*see In re Link_A_Media Devices Corp.,* 662 F.3d 1221, 1224 (Fed. Cir. 2011)), precedent dictates that this Court should give only slight weight to this factor.  *See AIP Acquisition LLC*, 2012 WL 5199118, at *4.  In fact, the Third Circuit in *Jumara* advised that, while the location of books and records is a private interest factor that should be evaluated, it is not a determinative factor unless "the files c[an] not be produced in the alternative forum." *Jumara*, 55 F.3d at 879.  Nintendo has not argued that it is unable to produce books and records in this district.  Moreover, most of the technical documents are likely to be in Japan.  In contrast, all of Genuine Enabling's documents are in one location – only a few miles from Wilmington.

The fact that Nintendo's witnesses might be inconvenienced by litigating this matter in Delaware also does not warrant transfer.  (Op. Br. at 12-13.)  First, Mr. Nguyen, the sole inventor on the patent-in-suit and sole employee of Genuine Enabling, lives within an hour drive of Wilmington, but across the country from Seattle.  Transferring the case to Seattle would be not only inconvenient, but also financially burdensome for Mr. Nguyen and Genuine Enabling more generally.  The significant financial disparity between the parties is such that compelling Mr. Nguyen to litigate in the Western District of Washington would be far more onerous than requiring Defendants to remain in Delaware.  *See AIP Acquisition LLC*, 2012 WL 5199118, at *4.

Second, even if Seattle is more convenient for Nintendo's witnesses, it is not whether witnesses are inconvenienced by litigation, but whether witnesses "may actually be unavailable for trial in one of the [courts]" that is the relevant inquiry.  *Jumara*, 55 F.3d at 879.  Nintendo makes a speculative and far-fetched argument that third parties may be closer to Washington based on a prior art reference.  (Op. Br. 12-13.)  However, there is no reason why such a non-party witness would be critical enough to be called upon to testify at trial (and be unwilling to do so), so this factor weighs against transfer.[2]

In sum, the fourth through sixth private interest factors weigh against transfer because it would be significantly more inconvenient for Genuine Enabling, a company of limited financial means, to travel to and produce documents in the Western District of Washington than it would be for Nintendo to produce its documents and witnesses in this District.

---

[2] Nintendo's contention that the inventors of alleged prior art would be inconvenienced is also misplaced because an inventor of prior art is rarely, if ever, brought to testify at trial.  Instead, the state and content of the prior art is generally explained at trial by an expert, and is viewed through the eyes of a person of ordinary skill in the art.

### 5. Transfer to Washington Would Result in Duplicative Parallel Litigation in Two Courts [Public Interest Factor 2]

In the context of patent litigation, the Federal Circuit has given "paramount consideration" to "the existence of multiple lawsuits involving the same issues" when determining whether a transfer is in the interest of justice. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Where related lawsuits exist, it is in the interest of justice to permit suits involving the same parties and issues to proceed before one court. *See, e.g.*, *Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.,* 133 F. Supp. 2d 354, 357 (D. Del. 2001) ("[T]he interests of judicial economy dictate that an action involving the same patents-in-suit and most of the same parties should not proceed simultaneously in two different district courts.").

Here, Genuine Enabling has accused two Sony entities of infringing the same patent-in-suit. Genuine Enabling filed its suit against Sony on the same day as Nintendo. (Sony Action, D.I. 1.) Sony filed an answer, reflecting its decision to defend in Delaware. (*Id.* at D.I. 15.) A proposed scheduling order for the Sony Action is due in that case later in June. (*Id.* at 5/23/2017 Oral Order.) Transfer of the Nintendo case to Washington would unduly multiply expense, complicate this litigation, and create the risk of contradictory outcomes—one in Washington and another in Delaware—which weighs against transferring the present case out of Delaware. *See Vanda Pharm. Inc. v. Inventia Healthcare Pvt. Ltd.*, C.A. No. 15-362-GMS at 4 (D. Del. Sept. 15, 2015) (denying a request to transfer because there was an ongoing related case concerning the same patent and technology) (Scaccia Decl. Ex. 12.).

### 6. The Remaining Public Interest Factors Weigh Against Transfer or are Neutral

The enforceability of judgment factor (Public Interest Factor 1) is neutral as both jurisdictions are equally able to enforce any judgment obtained in this action. *Tradimpex Egypt*

*Co. v. Biomune Co.*, 777 F. Supp. 2d 802, 810 (D. Del. 2011) ("The enforceability of the judgment is the same in both courts.").

While both this Court and the Western District of Washington carry busy dockets, Public Interest Factor 3 weighs against transfer because transferring this case to Washington would not substantially reduce this Court's workload, given the pendency of a related action this District. (*See* Section V.B.4., *supra*); *Textron Innovations, Inc. v. The Taro Co.*, C.A. No. 05-486 GMS, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005); *see also Tradimpex*, 777 F. Supp. 2d. at 810 ("Although the District of Delaware is a very busy District, so, too, is the District of Kansas, and there is no reason to conclude that the time to trial (or length of trial) will be materially different in one court or the other."); *Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.*, 797 F. Supp. 2d at 486 (refusing to find this factor favors transfer to the Northern District of California in the face of a shorter average time to trial and "[n]otwithstanding the heavy caseload carried by the judges in this District, and the ongoing judicial vacancy, the Court is not persuaded that administrative difficulties due to court congestion favor transfer").

With respect to Public Interest Factors 4 and 5, Genuine Enabling is a Delaware entity. Nintendo, on the other hand, is registered to do business in Delaware, but is not incorporated in Delaware. "The public policy of Delaware encourages the use by Delaware corporations of that state as a forum for the resolution of business disputes." *Graphics Props. Holdings Inc. v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 330 (D. Del. 2013). As such, these two factors weigh slightly against transfer.

Finally, the sixth public interest factor is irrelevant to this matter because this is not a diversity case.

12

## VI.    CONCLUSION

On balance, the relevant *Jumara/Shutte* factors weigh against transfer, and it is respectfully requested that this Court deny Nintendo's Motion to Transfer this case to the Western District of Washington.


Peter D. Shapiro                                    BAYARD, P.A.
Christopher M. Gerson
Giancarlo L. Scaccia                                /s/ Stephen B. Brauerman
FITZPATRICK, CELLA, HARPER &                        Stephen B. Brauerman (No. 4952)
SCINTO                                              Sara E. Bussiere (No. 5725)
1290 Avenue of the Americas                         222 Delaware Avenue, Suite 900
New York, New York 10104-3800                       P.O. Box 25130
Tel: (212) 218-2100                                 Wilmington, DE 19899
Fax: (212) 218-2200                                 Tel: (302) 655-5000
pshapiro@fchs.com                                   sbrauerman@bayardlaw.com
cgerson@fchs.com                                    sbussiere@bayardlaw.com
gscaccia@fchs.com

                                                    *Attorneys for Plaintiff*