# EXHIBIT 1

# EXHIBIT 1

**To Plaintiff's Motion for Leave to File Combined Surreply in Opposition to Nintendo of America Inc.'s Motion to Dismiss or Transfer and Defendants' Motion to Transfer**

**Genuine Enabling Technology LLC v. Nintendo Co., Ltd. et al.
Civil Action No. 17-134-MSG-CJB (D. Del.)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GENUINE ENABLING TECHNOLOGY LLC,<br><br>Plaintiff,<br><br>v.<br><br>NINTENDO CO., LTD. and NINTENDO OF AMERICA INC.,<br><br>Defendants. | Case No. 17-134-MSG-CJB<br><br>JURY TRIAL DEMANDED |

**COMBINED SURREPLY BRIEF IN OPPOSITION TO NINTENDO OF AMERICA INC.'S MOTION TO DISMISS OR TRANSFER PURSUANT TO § 1406(a) AND <u>DEFENDANTS' MOTION TO TRANSFER PURSUANT TO § 1404</u>**

Dated: July 10, 2017

Peter D. Shapiro
Christopher M. Gerson
Giancarlo L. Scaccia
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
(212) 218-2100
pshapiro@fchs.com
cgerson@fchs.com
gscaccia@fchs.com

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Tel: (302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

I.     INTRODUCTION ..................................................................................................... 1

II.    ARGUMENT .............................................................................................................. 2

        A.    Recent Case Law Confirms that Nintendo Has a Regular and Established Place of Business in Delaware ............................................. 2

        B.    If the Court Determines that Undisputed Facts Do Not Establish Venue, Genuine Enabling Is Entitled to Venue-Related Discovery ........................ 3

        C.    *TC Heartland* Confirmed that the Federal Statute Governing Patent Venue Should Be Interpreted Like Other Federal Venue Statutes and Defendants Fail to Provide Any Binding Precedent that Finds that the *Neirbo* Doctrine Does Not Apply to Patent Cases ....................................... 5

        D.    The *Jumara* Factors Overwhelmingly Weigh Against Transferring this Matter ................................................................................................................. 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cordis*,
　　769 F.2d 733 (Fed. Cir. 1985) .................................................................................... 2

*Logantree LP v. Garmin Int'l, Inc.*,
　　C.A. No. 17-0098-FB (W.D. T  June 22, 2017) ................................................... 6

*Nike, Inc. v. Skechers U.S.A., Inc.*,
　　C.A. No. 3:16-cv-007-PK (D. Or. June 30, 2017) ......................................... 4, 5

*Raytheon Co. v. Cray, Inc.*,
　　C.A. No. 2:15-cv-01554-JRG, 2017 WL 2813896 (E.D. Tex. June
　　29, 2017) ................................................................................................................ 2, 3, 5

*Stuebing Automatic Mach. Co. v. Gavronsky*,
　　 C.A. No. 16-0576 (S.D. Ohio June 12, 2017) .................................................... 2

*Sunbury Wire Rope Mfg. Co v. U.S. Steel Corp.*,
　　230 F.2d 511 (3d Cir. 1956) ................................................................................ 5, 6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC.*,
　　137 S. Ct. 1514 (2017) ............................................................................................. 5

**Statutes**

28 U.S.C. § 1391 .................................................................................................................. 6

28 U.S.C. § 1400(b) ........................................................................................................ 5, 6

I.  **INTRODUCTION**

Genuine Enabling submits this short surreply to correct certain misstatements of the facts and law made by Nintendo for the first time in its reply and, importantly, to bring to the Court's attention recently issued venue-related cases that post-date Genuine Enabling's opposition briefs, which further confirm that venue is proper in Delaware. In particular, and as discussed in more detail below:

(a) Case law post-dating Genuine Enabling's answering briefs confirms that Nintendo's understanding of what it means to have a "regular and established place of business" is incorrect and instead, undisputed facts show that Nintendo has a regular and established place of business in Delaware;

(b) At minimum, as confirmed by recent case law, the Court should permit Genuine Enabling to take targeted venue-related discovery, and the discovery Genuine Enabling seeks is not a "fishing expedition";

(c) Nintendo has argued that the patent venue statute should be treated differently than other federal venue statutes (and therefore be exempt from the "*Neirbo*" doctrine), but *TC Heartland* and Third Circuit law confirm the opposite—that the patent venue statute should be treated just like any other federal statute governing venue; and

(d) Nintendo has argued that venue is more convenient in Washington, but its argument is based on speculation, is divorced from the *Jumara* factors, and is contradicted by facts that Nintendo admits to be true in its reply brief.

II.     **ARGUMENT**

    A.     **Recent Case Law Confirms that Nintendo Has a Regular and Established Place of Business in Delaware**

Nintendo incorrectly argues that it does not have a regular and established place of business here because "NOA has no offices, facilities, or employees in Delaware." (Reply Br. at 7.) This misstates the law.[1] *See In re Cordis*, 769 F.2d 733, 737 (Fed. Cir. 1985) ("[I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there and not as Cordis argues, whether it has a fixed physical presence in the sense of a formal office or store.") Relying on the Federal Circuit's *In re Cordis* decision, a recent Eastern District of Texas case confirmed that "a fixed physical location in the district is not a prerequisite to proper venue." *Raytheon Co. v. Cray, Inc.*, C.A. No. 2:15-cv-01554-JRG, 2017 WL 2813896, at *11 (E.D. Tex. June 29, 2017). In *Raytheon*, Judge Gilstrap does a "thorough analysis of the existing case law regarding regular and established place of business" both "before and after *Cordis*" and identifies four factors that should be used to determine what it means to have a regular and established place of business: (1) physical presence, including but not limited to property, inventory, infrastructure, or people; (2) defendant's representations, internally or externally, that it has a presence in the district; (3)

---

[1] Nintendo cites to *Stuebing Automatic Machine Co. v. Gavronsky*, C.A. No. 16-0576 (S.D. Ohio June 12, 2017) as support in its reply. (Reply at 2-3.) But the facts of *Stuebing* are very different than the facts here. In that case, the pro se defendants were two individuals who lived and worked in Texas but were sued for patent infringement in Ohio for selling metal calendar slides to one customer in Ohio. *See Stuebing*, at 1-2. In *Stuebing*, the defendants' products were not on store shelves in multiple Ohio stores, the defendants' products were not advertised throughout the State of Ohio through television and Internet advertisements, the defendants' products were not available for sale to all residents of Ohio through the defendants' website, the defendants had not availed themselves of Ohio's courts, and the defendants were not accused of generating significant and continuous infringing sales revenue in Ohio. *See id., generally*.

2

benefits received from its presence in the district, including but not limited to sales revenue; and (4) targeted interactions with the district, including but not limited to through localized customer support, ongoing contractual relationships or targeted marketing efforts. *Id.* at *10-14.

Applying these factors here confirms that venue is proper in Delaware. Regarding factor (1), Nintendo does not dispute that its products are on the shelves of stores available for purchase in Delaware every day. (Reply Br. at 7-9; Scaccia Decl. at ¶¶ 12-14.) With respect to factor (2), Nintendo does not dispute that it is registered to do business here, has availed itself of this forum, and has thus admitted that the District of Delaware is a proper venue. (Reply Br. at 7-9; Scaccia Decl. at ¶ 10.) Regarding factor (3), Nintendo does not dispute that retail stores throughout the state (such as Walmart, GameStop, and BestBuy, among others) sell Nintendo products, including the accused products from which Nintendo has generated significant revenue from sales in Delaware. (Reply Br. at 7-9; Scaccia Decl. at ¶¶ 12-14.) Nintendo also does not dispute that its products are available for purchase (and are purchased) by Delaware customers through Nintendo's website. (Reply Br. at 7-9; Scaccia Decl. at ¶¶ 11, 17.) And for factor (4), Nintendo does not dispute that it targets Delaware customers through advertisements both on television and on the Internet. (Reply Br. at 7-9; Scaccia Decl. at ¶¶ 11, 18.)

Therefore, under the guidance provided by recent case law, Nintendo has a regular and established place of business in Delaware based on public, undisputed facts.

### B. If the Court Determines that Undisputed Facts Do Not Establish Venue, Genuine Enabling Is Entitled to Venue-Related Discovery

Nevertheless, if the Court finds that undisputed facts do not establish venue to be proper in Delaware, Genuine Enabling is, at a minimum, entitled to venue-related discovery. Nintendo has incorrectly argued that Genuine Enabling's request for venue-related discovery is a "fishing expedition." (Reply Br. at 6-7.) But recent, post-*TC Heartland* case law confirms that Genuine

3

Enabling is entitled to the discovery it has sought from Nintendo since May. Specifically, in *Nike, Inc. v. Skechers U.S.A., Inc.*, a court in the District of Oregon ordered, among other things, the defendant to disclose information regarding (a) its total product sales in the district (except direct sales through the internet to district residents); (b) the activities of third-party vendors of defendant's products and the defendant's relationships with these vendors; (c) activities of the defendant's agents in the district, whether the agent is based in the district or not; (d) professional services in the district retained by the defendant; (e) marketing materials, demonstration equipment, and product literature in the district; and (f) leases of trade show booths or conference spaces. (Ex. 2, *Nike, Inc. v. Skechers U.S.A., Inc.*, C.A. No. 3:16-cv-007-PK, at 3-6 (D. Or. June 30, 2017).)

Therefore, should the Court determine there is no waiver and that publicly available facts do not establish proper venue in Delaware, then, consistent with *Nike v. Skechers*, Genuine Enabling respectfully requests the Court to order that Nintendo provide the following specific discovery:

1. Nintendo's total product sales into Delaware;

2. Activities of third-party vendors of Nintendo's products and Nintendo's relationships with these vendors in Delaware;

3. Activities, physical or electronic, of Nintendo and its employees, agents, and representatives in Delaware;

4. Professional services retained by Nintendo in Delaware[2];

5. Marketing materials, demonstration equipment, and product literature in Delaware; and

---

[2] Excluding information regarding professional services that are related solely to this action or to other litigations. *See Nike*, at 5.

4

      6.      Leases of trade show booths or conference spaces in Delaware.[3]

This limited discovery is consistent with the court-ordered discovery in *Nike v. Skechers*, and the factors implicated by *Cordis* and specifically outlaid by Judge Gilstrap in interpreting *Cordis* to determine whether a company has a regular and established place of business in a district. *See Raytheon Co.*, 2017 WL 2813896, at *10-14. It is not a "fishing expedition" as Nintendo alleges, but instead directly bears on whether venue is proper in Delaware.

    **C.**    ***TC Heartland* Confirmed that the Federal Statute Governing Patent Venue Should Be Interpreted Like Other Federal Venue Statutes and Defendants Fail to Provide Any Binding Precedent that Finds that the *Neirbo* Doctrine Does Not Apply to Patent Cases**

In its reply, Nintendo attempts to distinguish Third Circuit precedent to avoid its clear waiver of venue and asks this Court to treat the patent venue statute differently from all other venue provisions in contravention of the Supreme Court's ruling in *TC Heartland*. Relying on *stare decisis* and canons of statutory interpretation, the Supreme Court in *TC Heartland* found that 28 U.S.C. § 1400(b) is the exclusive statute governing venue in patent cases and confirmed that it should be treated like any other federal venue statute. *See generally TC Heartland LLC v. Kraft Foods Grp. Brands LLC.*, 137 S. Ct. 1514 (2017).

As the case law cited in Genuine Enabling's opposition demonstrates, the equitable principle of waiver, including the *Neirbo* doctrine, applies equally to all federal venue statues, including the statute governing venue for patent cases. The Third Circuit's use of and discussion of the *Neirbo* doctrine in *Sunbury Wire Rope Mfg. Co v. U.S. Steel Corp.*, 230 F.2d 511 (3d Cir.

---

[3] In Genuine Enabling's Answering Brief, Genuine Enabling asked the Court for documents sufficient to show Nintendo's sales into Delaware including through any of its own websites and the activities of NOA's sales representatives in Delaware. (Opposition Br. at 12-13.) The *Nike* and *Raytheon* cases both post-date Genuine Enabling's Answering Brief and provide additional clarity regarding what categories of information should be discoverable in determining whether venue is proper. Therefore, in this surreply, Genuine Enabling has further refined its request for venue-related discovery based on the guidance from those cases.

5

1956) is instructive. There, the Third Circuit found that *Neribo* applied to an antitrust case, and the defendant waived its right to contest venue by registering to do business in Pennsylvania, even though Section 12 of the Clayton Act contains a special venue provision for antitrust cases. *See Sunbury*, 230 F.2d at 513. In other words, *Sunbury* shows that *Neirbo* applies not just to the general statute governing venue (28 U.S.C. § 1391), but to **all** federal statutes governing venue. Thus, when a company – like Nintendo in Delaware – registers to do business in a state and appoints an agent for service of process therein, that company waives the privilege to contest venue in that state, under any federal statute, including 28 U.S.C. § 1400(b).

Nintendo's opening and reply briefs do not identify any controlling authority to the contrary. In fact, Nintendo's purported "subsequent" authority[4] does not address whether a company ***waived*** its ability to challenge venue by registering to due business in a state and appointing an agent for service in that state. (*See* D.I. 28, *Logantree LP v. Garmin Int'l, Inc.*, C.A. No. 17-0098-FB (W.D. Tex. June 22, 2017).)

Therefore, under established Supreme Court and Third Circuit law, Nintendo has waived the right to contest that venue is appropriate in Delaware.

> D. **The *Jumara* Factors Overwhelmingly Weigh Against Transferring this Matter**

In its reply brief, Nintendo's arguments in favor of transfer ignore critical *Jumara* factors, fail to account for undisputed facts that support keeping the case here, and instead rely on pure speculation that does not justify transferring the case to Washington. As an initial matter, Nintendo's reply confirms that certain facts are undisputed. First, that Genuine Enabling chose its home forum in which to litigate. Second, that Genuine Enabling chose its most convenient

---

[4] The authority submitted by Nintendo was published before Nintendo submitted its reply brief and Nintendo has not provided any explanation as to why it was omitted from its reply. (D.I. 28.)

6

forum. Third, that Genuine Enabling is a company of limited means, whereas Nintendo is an international corporation of significant financial means that is able to litigate, and regularly litigates, in Delaware. Fourth, Nintendo confirmed that Genuine Enabling has filed another action involving the same patent and similar technology against Sony in Delaware. Under the *Jumara* factors, each of these undisputed facts weighs heavily in favor against transfer.

Nintendo's reply does not dispute that these facts are true, but instead relies on speculation to argue in favor of transfer. Nintendo speculates that Washington may be more convenient for nonparty witnesses[5], but importantly, does not allege that any would be unavailable for trial. (Reply Br. at 8.) Nintendo also incorrectly speculates that Washington would not be inconvenient for Mr. Nguyen, the inventor of the patent, and owner of Genuine Enabling. (*Id.*) Nintendo further speculates that the case against Sony does not matter. (*Id.*) But, as the cases cited in Genuine Enabling's opposition demonstrate, in the interest of judicial economy, a co-pending litigation concerning the same patent is a significant consideration weighing against transfer to avoid duplicative litigation and inconsistent results. (D.I. 24 at 11.) Simply put, none of Nintendo's speculation supports transfer to Washington and Nintendo cannot overcome its considerably heavy burden to transfer this matter there. Instead, when the Court considers the factors in light of the present facts, as explained in Genuine Enabling's opposition brief, it is clear that this matter should remain in Delaware.

---

[5] These alleged non-party witnesses are purely speculative and it is highly unlikely that they will be required to testify at trial. (*See* D.I. 24 at 10, n. 2.)

7

Dated: July 10, 2017

| | |
|---|---|
| Peter D. Shapiro<br>Christopher M. Gerson<br>Giancarlo L. Scaccia<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>1290 Avenue of the Americas<br>New York, New York 10104-3800<br>Tel: (212) 218-2100<br>Fax: (212) 218-2200<br>pshapiro@fchs.com<br>cgerson@fchs.com<br>gscaccia@fchs.com | BAYARD, P.A.<br><br>*/s/ Stephen B. Brauerman*<br>Stephen B. Brauerman (No. 4952)<br>Sara E. Bussiere (No. 5725)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>Tel: (302) 655-5000<br>sbrauerman@bayardlaw.com<br>sbussiere@bayardlaw.com<br><br>*Attorneys for Plaintiff* |